BAMBERGER, BLOOM & CO. *v.* G. G. GORDIN.

**Sale of Personal Property — Trust Deed — Trustee in Possession.**

The owner of personal property who has given a deed of trust on it can by sale transfer the legal title to the beneficiary in the deed of trust although the trustee is in possession and in such case it is error, in a claimant's issue, to instruct the jury that in order to convey the legal title the sale and delivery must be by the trustee, and especially is it error when it was shown by the evidence that the trustee was present when the sale was made and took part in fixing the price.

**Verdict — When Set Aside — Erroneous Instruction.**

A verdict of a jury will be set aside when the evidence is conflicting, if an erroneous instruction has been given which may have carried the verdict.[1]

L. Fox was a merchant at Durant, Miss., and he executed a deed of trust on his stock of goods to William Shields, trustee,

---

[1] An instruction for the State which is erroneous when taken alone, will not cause a reversal when the instructions given for defendant give him the benefit of the principles of law he is entitled to. Rosamond *v.* State, 1 Miss. Dec. 122, and cases cited in note 2.

This court will not substitute its judgment for that of the jury as to the quantum of damages, but where the record shows that the jury proceeded upon wrong premises, and the court below contributed to the error, and that the verdict was the result of haste, inconsiderateness, or intemperance, a new trial will be granted. Myers *v.* Farrell, 47 Miss. 281.

The finding of a jury upon a question of fact will not be disturbed where the verdict is warranted by the evidence and has been approved by the trial court, and it does not appear that the jury was misled by instructions. Bower *v.* Henshaw, 56 Miss. 619.

If there be evidence which would have supported a contrary finding, a verdict rendered on erroneous instructions will be set aside, unless it is clear that such instructions would not· have influenced the result. Solomon *v.* Compress Co., 69 Miss. 319; 12 So. 339.

So in an action against a railroad company if a materially erroneous instruction is in direct conflict with those for the defendant announcing the true measure of diligence, this court cannot affirm that no harm resulted to defendant, and will therefore reverse a judgment in favor of plaintiff. Railroad Co. *v.* Minor, 69 Miss. 710; 11 So. 101.

Where the evidence is such as would sustain a verdict for either party, errors in the instructions cannot be said to be harmless. Brister & Co. *v.* I. C. Railroad, 84 Miss. 33; 36 So. 142.

for the benefit of Bamberger, Bloom & Co., on December 31, 1878, to secure a debt he owed them of $3,976.53. Fox remained in possession until some time in the early part of 1879, when, at the request of the beneficiaries, the trustee took possession of the goods and conducted the business, and in February, 1879, he sold the entire stock of goods to Bamberger, Bloom & Co.; but about the same time the sale was made the appellees, Gordin & Co., sued out an attachment against Fox and had it levied on the goods as the property of Fox. Bamberger, Bloom & Co. interposed a claim and gave the required bond. On the trial of the claimant's issue the testimony was conflicting as to whether the sale was made before the attachment writ was levied or not, and as to whether the deed of trust and sale of the goods were in good faith, or made to hinder, defraud, and delay the creditors of Fox. The court gave the following instruction for the plaintiff: "The court instructs the jury that although they may believe from the evidence that a contract for the sale of said goods was made on Saturday preceding the levy of said attachment writ between claimants and L. Fox, yet unless they further believe from the evidence that before the levy of said attachment on said goods there was a written contract of sale signed by William Shields, the trustee, or a delivery of said property or part thereof by said trustee to said Bamberger, Bloom & Co., or their agent, they will find for plaintiff."

From a verdict and judgment for plaintiffs, claimants appeal.

APPEALED from Circuit Court, Holmes county, C. H. CAMPBELL, Judge.

Reversed and remanded, October 31, 1881.

*Attorneys for appellant, C. V. Gwin, T. C. Catchings, and L. Brame.*

*Attorney for appellee, H. S. Hooker.*

Brief of Gwin-Catchings-Brame:

There is nothing on the face of the trust deed which renders it invalid. Nor was there anything in the conduct of the parties in relation to it, such as withholding from record and the like,

upon which to predicate the charge of a fraudulent intent.   Before maturity of the debt the grantor was entitled to possession of the property.

Even if it be conceded that the trust deed was fraudulent and void, the verdict is wrong, because the property was sold and actually delivered to appellants before the levy of the attachment. The subject of the sale being personal property, if we cannot hold under the deed, we can stand on the delivery.   Baldwin v. Flash Preston & Co., 58 Miss. 593.

The third instruction for plaintiffs is erroneous.   The trustee was but a nominal party and could not control absolutely the title to the property.   In the face of strenuous objection on his part, the grantor and beneficiaries could have effectuated the sale.   But the proof shows that the trustee consented to the whole arrangement.   This is not controverted.

Plaintiffs' first instruction is also clearly erroneous, under the doctrine announced in the case of Baldwin v. Flash Preston & Co., *supra*.   Unlike the deeds condemned in Harmon v. Hoskins, 56 Miss., and Joseph v. Levi, 58 Miss., there is nothing on the face of the trust deed which authorizes the court to declare it fraudulent and void.   The court told the jury that if the grantor remained in possession of the property, selling and disposing of the same after the trust deed was executed, they must find for the plaintiff.   Here we see the court ignored the question of the subsequent delivery of the goods.   Besides, did not the grantor have the right to remain in possession before maturity of the debt?

The verdict is wholly without support.   If the jury were not misled by the instructions, they disregarded the facts of the case and followed their imaginations into the field of conjecture.   A charge of fraud cannot be sustained on grounds of mere suspicion. There was nothing unfair, or even unusual, in this transaction. That appellants had a valid debt is not questioned, and certainly appellees ought not to object that they took the goods at a higher price than they would bring in the market.   Possession was given long before the attachment was sued out.   The fact that the price was not agreed upon at that time, at which the goods were to be taken, and for which the debtor was to receive credit, did not prevent the title from passing.   But the price was settled and the sale fully consummated before the attachment was levied.   *   *   *

Under the statute, the legal title remained in the grantor, Fox, until after condition broken in the trust deed.

The third instruction for plaintiff assumes that it was necessary for the trustee to act in order that the title should pass to appellants; and the only theory that can be urged in support of the verdict is that he did not so act before the attachment was levied. Now let us suppose that both of these propositions are true. If the deed was fraudulent and void, a transfer by the trustee thereunder would have been futile; if it was valid, and the trustee has not acted, then the title to the goods was still in him. So, in any event, the property was not liable to be seized for the debts of the grantor.

The plaintiff could not succeed by merely demonstrating that claimants did not have a perfect title; it was incumbent on them to show that the goods belonged to Fox, and were liable to be taken under the attachment against him.

We submit that it was unnecessary for the trustee to do anything in relation to the sale. But if his consent and acquiescence were essential, our title is complete.

Brief of H. S. Hooker:

\* \* \* The third instruction given for the plaintiff was correct applied to the facts. The deed of trust having been executed by Shields, the trustee taking possession with the assent of Fox, to pass the legal title vested in him on the 3rd of March, 1879, required a written contract or a delivery by Shields. The statute makes the grantor the owner of the property as against the whole world except the trustee or after breach. If Shields had not taken possession, or the breach had not occurred, the instruction would have been inapplicable; but, I submit, the trustee being in the actual possession, to pass the legal title required a written contract, or delivery, by him. The legal title and possession having vested in Shields, he must sign the bill of sale or deliver the property.

But even if the instruction was erroneous, it was cured by the instructions granted to the claimants, and, upon the whole, justice has been done and the judgment should be affirmed. \* \* \*

Under the cases of Harmon v. Hoskins, and Joseph v. Levy, it is clear that if the deed of trust had provided for the grantor's retaining possession, and selling his stock of goods, it would have

worn the badge of fraud. It would have been declared void on inspection of it. If the insertion of such a clause renders the deed of trust fraudulent and void, if the instrument then is conclusive evidence of a fraudulent intent, then most certainly proof *aliunde* the instrument of these facts would render it void. The instrument will be read in the light of the attendant circumstances, and will be read as if this permissive possession and selling his goods, and pocketing the proceeds, had been incorporated in the deed of trust. It is more a question of evidence. In the one case the deed of trust wears the badges of fraud on its face, and in the other proof *aliunde* must be made. But, it is submitted, that the effect is the same whether the fraudulent intent appears from the face of the instrument or by testimony *aliunde*.

OPINION.—CHALMERS, C. J.:

Had no error of law occurred in the trial of this case, we would not interfere with the verdict of the jury, although the issue submitted to them seems rather to have been to the *bona fides* of the final sale and conveyance of the goods to the claimants, than the good faith of the original trust deed and the possession taken under it. If these were *bona fide,* the goods were thereby placed beyond the reach of the attachment. Without expressing any opinion as to the good faith either of the trust deed or of the sub·sequent sale of the property to the beneficiaries under it, we reverse the case because of the error of the court in giving the third charge for the plaintiff. By this charge the jury were instructed that a sale of the goods by the owner would not convey the title, and, in order to effect this, the sale and delivery of them must be made by the trustee who was in possession. This, under the facts shown, was improper. It was abundantly shown that the trustee, who had a beneficial interest in the property, was aware of the sale, was indeed present when it was completed and took part in fixing the price. This was a ratification of the sale, if his ratification was essential. This charge may have carried the verdict, and it was not cured by any given for the claimants. On account of it we *reverse the judgment* and award a new trial.